UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUINTIN J. BALLENTINE,<br><br>                    Plaintiff,<br><br>          -against-<br><br>UNITED STATES OF AMERICA; DONALD TRUMP, President of the United States of America,<br><br>                    Defendants. | 25-CV-3334 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims arising from an incident that took place nearly twenty years ago, on July 4, 2006. By order dated June 2, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special

solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff alleges that on July 4, 2006, at 11:11 a.m., when he was 17 years old, he was at 116th Street and Lenox Avenue in Manhattan, when he saw a bright light over the Shabazz Cultural Center. At that moment, Plaintiff blacked out, and when he awakened eight hours later, he found himself at 14th Street and Union Square. Plaintiff claims the United States government has a vested interest in hiding that many people have similar unexplainable experiences.

Plaintiff alleges:

We, for thousands of years, if not more, have had mysterious phenomena in our skies. There has been records suppresse[d] of these incidents from time immoral. We need to realize that are people who have had encounters that cannot be explained by conventional science. I bring this suit today, against the United States of America, for all those individuals, since 1947, who have had such experiences, who have had their lives ruined, and some even ended, for having such encounters, and attempting to share them with people.

(*Id.* at 5.)

Plaintiff invokes federal criminal statutes, 18 U.S.C. §§ 241-242, and cites federal law regarding harassment or abuse in debt collection, 15 U.S.C. § 1692d. He also asserts a claim under 42 U.S.C. § 1983, for alleged violations of his rights under the Eighth Amendment, and claims for defamation of character. Plaintiff sues the United States and President Donald J. Trump, seeking $33,000,000.00 in damages.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

**DISCUSSION**

**A.    Criminal Prosecution**

Plaintiff invokes federal criminal statutes, 18 U.S.C. §§ 241-242, and thus appears to seek the criminal prosecution of Defendants. Yet neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding, because prosecutors possess discretionary authority to determine whether to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972); *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) ("The decision to prosecute is solely within the discretion of the prosecutor."). Plaintiff thus lacks standing to cause the criminal prosecution of Defendants under these federal statutes. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 618-619 (1973). The Court dismisses Plaintiff's claims under federal criminal statutes for lack of standing. *See* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

**B.    Sovereign Immunity**

Plaintiff names the United States and President Donald Trump as the defendants in this action. "The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019). "This immunity extends to federal agencies and officers acting in their official capacities." *Foster v. FEMA*, 128 F. Supp. 3d 717, 723 (E.D.N.Y. 2015). Plaintiff does not allege facts about anything President Trump personally did or failed to do, and any claims against President Trump therefore appear to be official-capacity claims only.

As explained below, none of the federal statutes that Plaintiff invokes waive the sovereign immunity of the United States or federal officers. Moreover, the facts alleged do not suggest a claim arising under any other federal statute that would abrogate sovereign immunity. [2]

### 1.    Fair Debt Collection Practices Act Claims

Plaintiff cites the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d, which governs harassment or abuse by debt collectors. Congress did not waive the United States' sovereign immunity by enacting the FDCPA. *See Ojo v. United States*, No. 20-CV-4882 (MKB), 2020 WL 7262853, at *5 (E.D.N.Y. Dec. 9, 2020) ("The United States has not waived its sovereign immunity for purposes of FDCPA claims."). Plaintiff therefore cannot pursue claims against the United States or official-capacity claims against President Trump under the FDCPA.[3]

### 2.    Eighth Amendment Claims

The only other statute that Plaintiff references, 42 U.S.C. § 1983, requires a plaintiff to allege that the defendant acted under color of state law—not federal law—to deprive the plaintiff of a federally protected right. *See, e.g., Sykes v. Bank of Am.,* 723 F.3d 399, 405–06 (2d Cir. 2013) (holding that to state a "claim under 42 U.S.C. § 1983, the plaintiff must show that a defendant, acting under color of state law, deprived him of a federal constitutional or statutory

---

[2] Although the Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment, 28 U.S.C. § 1346(b)(1), the sole federal official named in this action is President Trump and there are no allegations of his personal involvement in the facts giving rise to Plaintiff's claims. In addition, nothing in the complaint suggests that Plaintiff engaged in administrative exhaustion – a requirement that is "jurisdictional, [and] cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *see Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 728 (E.D.N.Y. 2015) ("Failure to comply with [presentment] results in dismissal of the suit."). "The burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

[3] Moreover, Plaintiff has not alleged any facts about why the FDCPA applies or facts showing that any named defendant is covered under the FDCPA.

right"). Section 1983 does not apply to claims against the United States or federal officials and cannot be the basis for Plaintiff's claim against the United States or President Trump.

In addition, Plaintiff's Section 1983 claim is premised on alleged violations of his rights under the Eighth Amendment, but the Eighth Amendment is inapplicable here. Generally, "[t]he Cruel and Unusual Punishments Clause focuses on the question what 'method or kind of punishment' a government may impose after a criminal conviction . . . ." *City of Grants Pass, Oregon v. Johnson*, 603 U.S. 520, 542 (2024) (citing *Powell v. Texas*, 392 U.S. 514, 531-32 (1968)); *People ex rel.. Johnson v. Sup't, Adirondack Corr. Fac.*, 163 N.E.3d 1041, 1052 (N.Y. 2020) ("In general, punishments imposed on persons for their status, rather than their conduct, are invalid under the Eighth Amendment."). Because the Eighth Amendment does not apply to Plaintiff's claims, the Court need not consider the availability of a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which is "the federal analog to suits brought against state officials under [ ] 42 U.S.C. § 1983," *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009).

In sum, Defendant Trump in his official capacity and the United States enjoy sovereign immunity from suit, and Plaintiff has not met his burden of establishing any basis for abrogating that sovereign immunity. Plaintiff's claims must therefore be dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

**C.    Frivolous Claims**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). "[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437.

Plaintiff's action, in which he seeks to sue "the United States of America, for all those individuals, since 1947, who have had [unexplainable] experiences" must also be dismissed under Section 1915(e)(2)(B)(i). Plaintiff cannot bring suit without counsel on behalf of others, 28 U.S.C. § 1654, and there is no legal theory on which he can rely for this claim. Accordingly, Plaintiff's complaint is also dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

**D.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that further pleading could cure the identified deficiencies. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could provide additional allegations leading to different result). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   June 3, 2026
         New York, New York

_Louis L. Stanton_
         Louis L. Stanton
         U.S.D.J.